# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL EDWARD HYLTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-00308 |
| DELTA OUTSOURCE GROUP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, MICHAEL EDWARD HYLTON ("Plaintiff") by and through his attorneys, Consumer Law Partners, LLC ("CLP") complaining of DELTA OUTSOURCE GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 49 year old natural person currently residing at 6370 Sycamore Street, Williamsburg, Indiana, which lies in the Northern District of Indiana.  Due to a myriad of health issues including, but not limited to diabetes and diabetic neuropathy in his legs and feet, degenerative joint disease, and spinal stenosis requiring a spinal fusion and implantation of a spinal stimulator, Plaintiff is unable to work.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant is a third party collection agency that offers "a diverse selection of call center solutions from first party, early stage collections to third party post charge off recovery programs and customer care products ."[1]

7. Located at 62 N. Central Drive, O'Fallon, Missouri, Defendant is in the business of collecting the delinquent consumer debts of its clients, including a debt allegedly owed by Plaintiff.

8. Defendant is a Missouri corporation and is licensed with the Indiana Secretary of State working under the Business ID 2009100600493 .

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

---

[1] http://www.deltaoutsourcegroup.com/

10. On its website and correspondences, Defendant identifies itself as a debt collector and is a member of the Association of Credit and Collection Professionals.[2]

### FACTS SUPPORTING CAUSES OF ACTION

11. In order to make repairs to his truck, Plaintiff secured a personal loan from Springleaf for approximately $3,000.00 ("subject consumer debt").

12. Plaintiff was ordered off work by his doctors and could no longer afford to make payments on the subject consumer debt.

13. On or about July 19, 2016 Plaintiff received a phone call from a representative of Defendant who identified themselves as a debt collector attempting to collect on a debt. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

14. The representative told Plaintiff that Springleaf had written off the subject matter debt to Defendant who was now collecting on it. *See* Exhibit A.

15. Plaintiff relayed to Defendant's representative that he was not working and unable to pay. *Id*.

16. In response, Defendant's representative threatened that it would take Plaintiff to court if the subject consumer debt was not paid. *Id*.

17. On or about August 5, 2016, in response to the threat of legal action, Plaintiff called Defendant to attempt to work something out on the subject consumer debt. *Id*.

18. During this phone call, Plaintiff was advised by a representative of Defendant that the account for the subject consumer debt was sent back to Springleaf. *Id*.

19. Frustrated over Defendant's conduct and statements, Plaintiff engaged the services of CLP to bring the instant action.

---

[2] http://www.deltaoutsourcegroup.com/WhoWeAre/MissionStatement.aspx

20. Plaintiff has suffered financial loss due to Defendant's collection actions.

21. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

22. Plaintiff has been harassed and misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §§1692d
>
> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following is a violation of this section:
>
>> "The threat to take any action that cannot be legally taken or that is not intended to be taken." 15 U.S.C. §§1692e(5)
>>
>> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§1692e(10)
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§1692f

25. Defendant violated 15 U.S.C. §§1692d, e, e(5), e(10), and, and f during its collection actions.

26. By threatening to take Plaintiff to court, only to turn the debt back over to Springleaf two weeks later, Defendant hoped to coerce Plaintiff into paying the subject consumer debt in order to avoid legal action that Defendant never actually intended to pursue.

27. As plead in paragraphs 19 through 22, Plaintiff was unfairly misled and harassed by Defendant's collection actions.

WHEREFORE, Plaintiff, MICHAEL EDWARD HYLTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A) of the FDCPA;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1) of the FDCPA;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3) of the FDCPA; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant violated I.C. 24-5-0.5-3 (a) by engaging in an unfair, abusive, and deceptive practice in its attempts to collect on the subject consumer debts.

30. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a).

31. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

32. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

5

33. Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

34. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  By making knowingly false and threatening statements to Plaintiff, Defendant engaged in illegal behavior in its attempts to collect on the subject consumer debt.

35. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

36. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2).

38. As pled in paragraphs 19 through 22, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

39. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MICHAEL EDWARD HYLTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c.  Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

    d.  Awarding any other relief as this Honorable Court deems just and appropriate


Dated: August 17, 2016                                    Respectfully submitted,

                                                                s/ David S. Klain
                                                               David S. Klain, Esq., #66305
                                                              Counsel for Plaintiff
                                                              Admitted in the Northern District of Indiana
                                                              Consumer Law Partners, LLC
                                                              435 N. Michigan Ave., Suite 1609
                                                              Chicago, Illinois 60611
                                                              (267) 422-1000 (phone)
                                                              (267) 422-2000 (fax)
                                                              davidklain@aol.com